# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER J. MOSER, CHAPTER 7 TRUSTEE,** | } } } | |
| **Plaintiff,** | } } | |
| v | } } | Civil Action No. 4:11-cv-35 |
| **ALISE MALIKYAR, ET AL.,** | } } } | Bankruptcy Adversary No. 09-04068 |
| **Defendants.** | } } | |

## DEFENDANTS' PROPOSED FORM OF VERDICT

Defendants, Alise Malikyar ("Malikyar"), Tahoe Land, LLC ("Tahoe Land"), Tahoe Lots, LLC ("Tahoe Lots Entity"), South Shore Capital, Inc. ("South Shore"), Sirius Star Capital, Inc. ("Sirius Star"), and Sky Harbor Land Trust ("Sky Harbor")(collectively, "Defendants"), pursuant to the Local Rules of this Court and this Court's Scheduling and Pre-Trial Orders, as amended or supplemented, submit the following proposed form of verdict:

Dated: October 6, 2012                    Respectfully submitted,

_____/s/ Michael Yesk_____
Michael Yesk
California Bar No. 130056
(Admitted Pro Hac Vice)
70 Doray Drive, Suite 16
Pleasant Hill, California 94523
Telephone: 925-849-5525
Email: yesklaw@gmail.com

Attorney for Defendants, Alise Malikyar, South Shore Capital, Inc., Sirius Star Capital, Inc., Sky Harbor Land Trust, Tahoe Land, LLC, and Tahoe Lots, LLC

## I. ACTUAL INTENT TO DEFRAUD A CREDITOR

1(a).   Did Christopher J. Moser, Trustee, have a right to payment from Robert Jacobsen?

_____
Yes

_____
No

If your answer to "1(a)" is yes, proceed to answer "1(b)" below.  If your answer to "1(a)" is no, proceed to "5(h)" through "5(n)" below and place a checkmark in each of the spaces provided in "5(h)" through "5(n)".

1(b).   Did Robert Jacobsen transfer property or incur an obligation to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___?

_____
Yes

_____
No

If your answer to "1(b)" is yes as to any of the listed defendants, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "1(c)" below.  If your answer to "1(b)" as to any of the listed defendants is no, proceed to "5(h)" through "5(n)" below and place a checkmark in each of the spaces provided in "5(h)" through "5(n)" corresponding to each defendant(s) you have determined did not take a transfer or obligation from Robert Jacobsen.

1(c).   For each of the defendants for whom your answer to "1(b)" was yes, did Robert Jacobsen transfer property or incur an obligation to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___ with the intent to hinder, delay, or defraud one or more of his creditors?

_____
Yes

_____
No

If your answer to "1(c)" is yes as to any of the listed defendants, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "1(d)" below.  If your

**DEFENDANTS' PROPOSED FORM OF VERDICT - PAGE 2**

answer to "1(c)" is no as to any of the defendants, proceed to answer "2(a)" below as to those defendants.

1(d).  For each of the defendants for whom your answer to "1(c)" was yes, did Christopher J. Moser, Trustee, suffer harm from Robert Jacobsen's transferring of property or incurring an obligation to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___ with the intent to hinder, delay, or defraud one or more of his creditors?

_____
Yes

_____
No

If your answer to "1(d) is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "1(e)" below.  If your answer to "1(d)" is no as to any of the defendants, proceed to answer "2(a)" below as to those defendants.

1(e).  For each of the defendants for whom your answer to "1(d)" was yes, was Robert Jacobsen's transferring of property or incurring an obligation to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___ with the intent to hinder, delay, or defraud one or more of his creditors a substantial factor in causing Christopher J. Moser, Trustee, harm?

_____
Yes

_____
No

If your answer to "1(e)" is yes, place a checkmark after the name of each defendant for whom your answer is yes, and proceed to "3(a)".  If your answer to "1(e)" is no as to any of the defendants, proceed to answer "2(a)" below as to those defendants.

**DEFENDANTS' PROPOSED FORM OF VERDICT - PAGE 3**

## II.  CONSTRUCTIVE FRAUDULENT TRANSFER

2(a).  Did Robert Jacobsen not receive a reasonably equivalent value in exchange for the transfer or obligation incurred to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___?

_____
Yes

_____
No

If your answer to "2(a)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "2(e)" below.  If your answer to "2(a)" as to any of the listed defendants is no, proceed to answer "2(b) as to those defendants below.

2(b).  With regard to his transfer or obligation incurred to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___, was Robert Jacobsen in business or about to start a business or enter a transaction when his remaining assets were unreasonably small for the business or transaction?

_____
Yes

_____
No

If your answer to "2(b)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to 2(e) below.  If your answer to "2(b)" as to any of the listed defendants is no, proceed to answer 2(c) as to those defendants below.

2(c).  With regard to his transfer or obligation incurred to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___, did Robert Jacobsen intend to incur debts beyond his ability to pay as they became due?

_____
Yes

_____
No

If your answer to "2(c)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to 2(e) below. If your answer to "2(c)" as to any of the listed defendants is no, proceed to answer "2(d)" as to those defendants below.

2(d).   With regard to his transfer or obligation incurred to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___, did Robert Jacobsen believe or should he have reasonably believed that he would incur debts beyond his ability to pay as they became due?

_____
Yes

_____
No

If your answer to "2(d)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "2(e)" below. If your answer to "2(d)" as to any of the listed defendants is no, proceed to "5(h)" through "5(n)" below and place a checkmark in each of the spaces provided in "5(h)" through "5(n)" as to each of those defendants for which your answer to "2(d)" was no.

2(e).   Was Christopher J. Moser, Trustee, harmed by any of the circumstances for which you answered yes in "2(a)" through "2(d)"?

_____
Yes

_____
No

If your answer to "2(e)" is yes, proceed to "2(f)" below. If your answer to "2(e)" is no, proceed to proceed to "5(h)" through "5(n)" below and place a checkmark in each of the spaces provided in "5(h)" through "5(n)" as to each of the defendants you determined the circumstances for which you answered yes in "2(a)" through "2(d)" applied.

2(f).   As to any of the circumstances for which you answered yes in "2(a)" through "2(d)", was Robert Jacobsen's conduct a substantial factor in causing Plaintiff's harm?

_____
Yes

_____
No

If your answer to "2(f)" is yes as to each of the defendants you determined the circumstances for which you answered yes in "2(a)" through "2(d)" applied, proceed to "3(d)". If your answer to 2(f) is no, proceed to "5(h)" through "5(n)" below and place a checkmark in each of the spaces provided in "5(h)" through "5(n)" as to each of the defendants you determined the circumstances for which you answered yes in "2(a)" through "2(d)" applied.

**III. AFFIRMATIVE DEFENSE—STATUTE OF LIMITATIONS**

3(a).  With respect to Christopher J. Moser, Trustee's claim of actual fraud as to those defendants for which you answered yes to "1(e)", did he file his lawsuit within four years after the transfer was made or obligation was incurred by Robert Jacobsen to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___?

_____
Yes

_____
No

If your answer to "3(a)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "3(c)" below.  If your answer to "3(a)" as to any of the listed defendants is no, proceed to answer "3(b)" as to those defendants below.

3(b).  With respect to Christopher J. Moser, Trustee's claim of actual fraud, did he file his lawsuit within one year after the transfer or obligation by Robert Jacobsen to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___ was or could reasonably have been discovered by him?

_____
Yes

_____
No

If your answer to "3(b)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "3(c)" below.  If your answer to "3(b)" as to any of the listed defendants is no, proceed to answer "4(a)".

3(c).  With respect to Christopher J. Moser, Trustee's claim of actual fraud, did Christopher J. Moser, Trustee file his lawsuit within seven years after the transfer was made or obligation was incurred by Robert Jacobsen to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___?

_____
Yes

_____
No

**DEFENDANTS' PROPOSED FORM OF VERDICT - PAGE 7**

If your answer to "3(c)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "4(a)" below. If your answer to "3(c)" as to any of the listed defendants is no, proceed to answer "5(h)" through "5(n)" and place a checkmark as to each of those defendants for which you answered no to "3(c)".

3(d). With respect to Christopher J. Moser, Trustee's claim of constructive fraud for which you answered yes to "2(f)", did he file his lawsuit within four years after the transfer was made or obligation was incurred by Robert Jacobsen to Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___?

_____
Yes

_____
No

If your answer to "3(d)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "4(a)" below. If your answer to "3(d)" as to any of the listed defendants is no, proceed to "5(h)" through "5(n)" and place a checkmark as to each of those defendants for which you answered no to "3(d)".

**DEFENDANTS' PROPOSED FORM OF VERDICT - PAGE 8**

## IV. AFFIRMATIVE DEFENSE—GOOD FAITH

4(a). With regard to the transfer or obligation incurred, did Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___ take the property from Robert Jacobsen in good faith?

_____
Yes

_____
No

If your answer to "4(a)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "4(b)" below. If your answer to "4(a)" as to any of the listed defendants is no, proceed to answer "4(c)" as to those defendants below.

4(b). With regard to the transfer or obligation incurred, did Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___ take the property from Robert Jacobsen for reasonably equivalent value?

_____
Yes

_____
No

If your answer to "4(b)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "5(h)" through "5(n)" and place a checkmark as to each of those defendants for which you answered yes to "4(b)". If your answer to "4(a)" as to any of the listed defendants is no, proceed to answer "4(c)" as to those defendants below.

4(c). With regard to the transfer or obligation incurred, did Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___ receive the property from a third party, who had taken the property from Robert Jacobsen in good faith?

_____
Yes

_____
No

If your answer to "4(c)" is yes, place a checkmark after the name of each defendant for whom

**DEFENDANTS' PROPOSED FORM OF VERDICT - PAGE 9**

your answer is yes and proceed to "4(d)" below. If your answer to "4(d)" as to any of the listed defendants is no, proceed to "5(a)" through "5(g)" and fill out the blanks as to those defendants below.

4(d).   With regard to the transfer or obligation incurred, did the third party who had taken the property from Alise Malikyar ___, Tahoe Land, LLC___, Tahoe Lots, LLC___, Coast Capital, Ltd.___, South Shore Capital, Inc.,___ Sirius Star Capital Inc.___ or Sky Harbor Land Trust___ take the property for a reasonably equivalent value?

_____
Yes

_____
No

If your answer to "4(d)" is yes, place a checkmark after the name of each defendant for whom your answer is yes and proceed to "5(h)" through "5(n)" below and place a checkmark corresponding with each of the defendants for which you answered yes to "4(d)". If your answer to "4(d)" as to any of the listed defendants is no, proceed to "5(a)" through "5(g)" and fill in the blanks corresponding with each defendant for which you answered no to "4(d)".

## V. LIABILITY OF THE PARTIES

5(a).   Alise Malikyar has damaged Christopher J. Moser, Trustee, in the amount of

$_____.

5(b).   Tahoe Land, LLC has damaged Christopher J. Moser, Trustee, in the amount of

$_____.

5(c).   Tahoe Lots, LLC has damaged Christopher J. Moser, Trustee, in the amount of

$_____.

5(d).   Coast Capital, Ltd. has damaged Christopher J. Moser, Trustee, in the amount of

$_____.

5(e).   South Shore Capital, Inc. has damaged Christopher J. Moser, Trustee, in the amount of

$_____.

5(f).   Sirius Star Capital Inc. has damaged Christopher J. Moser, Trustee, in the amount of

$_____.

5(g).   Sky Harbor Land Trust has damaged Christopher J. Moser, Trustee, in the amount of

$_____.

5(h).   Alise Malikyar is not liable to Christopher J. Moser, Trustee ____.

5(i).   Tahoe Land, LLC is not liable to Christopher J. Moser, Trustee____.

5(j).   Tahoe Lots, LLC is not liable to Christopher J. Moser, Trustee____.

5(k).   Coast Capital, Ltd. is not liable to Christopher J. Moser, Trustee____.

5(l).   South Shore Capital, Inc. is not liable to Christopher J. Moser, Trustee____.

5(m).   Sirius Star Capital Inc. is not liable to Christopher J. Moser, Trustee____.

5(n).   Sky Harbor Land Trust is not liable to Christopher J. Moser, Trustee____.